LOTTINGER, Judge
(dissenting).
It is evident from the judgment rendered that the Lower Court failed to give due consideration to the physical facts and as a result thereof made manifest error herein.
No. 1. The speed limit of the highway and of the area where the accident happened was 60 miles per hour.
No. 2. The plaintiff was making a left turn from the highway into a private driveway.
No. 3. The impact between the two cars took place just as the plaintiff entered the driveway and plaintiff’s car was struck just behind his left front door by defendant’s car.
No. 4. The investigating officer testified that the defendant left twenty-nine (29) paces of skid marks, all in the passing lane. The twenty-nine (29) paces equals to about eighty-seven (87) feet.
No. S. Plaintiff says that he was about 100 feet from the driveway when he activated his left turn indicator.
No. 6. Plaintiff says that immediately before he began his turn he looked into his rear view mirror and saw the defendant’s car behind him in his lane of traffic. This in my estimation must be an error due to the physical facts as related above.
No. 7. When you consider the physical facts as related above, the defendant had to be at least 100 feet or better, away from the driveway in the passing lane, considering reaction time, when the plaintiff started his left turn, or at the very least in the passing lane when the plaintiff started his left turn.
For the above and foregoing reasons, I am of the opinion that the proximate cause of this accident was the negligence of the plaintiff in making a left turn from a highway into a private driveway without making certain he could do so in safety R.S. 32:104 (A) and therefore respectfully dissent from the majority herein.